Toomey, J.
INTRODUCTION
Plaintiff Irene Applebaum (“Applebaum”), a minority shareholder of defendant Verndale Corporation (“Verndale”), filed this action against Verndale and its other shareholders alleging breach of fiduciary duty and wrongful termination. This matter is before the court on Applebaum’s motion to disqualify the firm of Coleman & Associates, P.C. from representing Verndale and/or the individual defendants. For the reasons discussed below, the plaintiffs motion to disqualify is ALLOWED.
BACKGROUND
Verndale is a closely held corporation which provides Internet marketing and web page design services to individuals and entities doing business on the Internet. Defendants Christopher Pisapia (“Pisapia”), Sean Scollin (“Scollin”) and Joseph Zarrett (“Zarrett”) each own 15,000 shares in Verndale. Applebaum was hired in 1999 as a part-time graphic artist and web page designer for Verndale. On September 1, 1999, Applebaum entered into a Memorandum of Understanding (“the Agreement”) with Pisapia, Scollin and Zarrett for full time employment as Verndale’s Creative Director. Under the Agreement, Applebaum received 7% of the issued and outstanding shares of Verndale. She is now a minority shareholder with 3,150 shares. Further compensation under the Agreement was to consist of 85% of the income derived from the art direction line item on all of Verndale’s projects requiring art direction service and additional shares of Verndale stock over the next sixteen months. In March of 2001, Pisapia informed Applebaum that Verndale would no longer employ her as Creative Director.
On January 8, 2002, Applebaum filed this action alleging breach of fiduciary duty against Pisapia, Zarrett and Scollin in Count I, and alleging wrongful termination against Verndale in Count II. Verndale, Pisapia, Zarrett and Scollin are represented in this action by Attorney Robert Huard of the firm Coleman & Associates, P.C. (“Coleman”). Attorney Colin A. Coleman, another member of Coleman, has acted as counsel for Verndale since 1999 and is Verndale’s resident agent.
DISCUSSION
A motion to disqualify counsel must be considered in light of the principle that the court should not lightly interrupt the relationship between attorney and client. Adoption of Erica, 426 Mass. 55, 58 (1997); G.D. Mathews & Sons Corp. v. MSN Corp., 54 Mass.App.Ct. 18, 20-21 (2002). In ruling on such a motion, the court must strike a balance between a client’s right to counsel of his or her choice and the attorney’s responsibilities to maintain professional standards and avoid even the appearance of impropriety. Bays v. Theran, 418 Mass. 685, 686 (1994); Wellman v. Willis, 400 Mass. 494, 503 (1987). Applebaum concedes that she is not a client of Coleman solely by virtue of being a shareholder of Verndale; she argues, however, that Coleman nonetheless owes her a fiduciary duty and therefore cannot represent Verndale and the other shareholders against her in this suit.
The Supreme Judicial Court has stated that:
there is logic in the proposition that, even though counsel for a closely held corporation does not by virtue of that relationship alone have an attorney-client relationship with the individual shareholders, counsel nonetheless owes each shareholder a fiduciary duty. See Fasschi v. Sommers, Schwartz, *114 Silver & Tyler, P.C., 107 Mich.App. 509 (1981), for a well-reasoned opinion supporting that view. Just as an attorney for a partnership owes a fiduciary duty to each partner, it is fairly arguable that an attorney for a close corporation owes a fiduciary duty to the individual shareholders.
Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C., 405 Mass. 506, 513 (1989). In like vein, the Michigan Appeals Court observed that, in a close corporation where the number of shareholders is small, corporate attorneys, due to their close interaction with all participants, stand in a confidential relation with respect to both the corporation and its individual shareholders and, thus, owe a duty of equal loyalty and impartiality to shareholders. See Fasschi v. Sommers, Schwartz, Silver & Tyler, P.C., 107 Mich.App. 509, 516 (1981).
Although the Supreme Judicial Court’s holding in Schaeffer did not definitively establish a fiduciary duty by corporate counsel to individual shareholders,[2] its opinion strongly suggests that the Court, in a case in which the issue were dispositively joined, would be inclined to recognize such a duty.
The defendants argue that any fiduciary duty of corporate counsel to shareholders in a close corporation is limited to situations where there are 50/50 shareholders and where the lawsuit at issue is brought derivatively, not individually. This court does not find that contention to be persuasive. In light of the probable existence of a fiduciary duty owed by Coleman, as close corporate counsel, to Applebaum, as shareholder in the close corporation, Coleman necessarily functions with conflicting loyalties in this dispute by one shareholder against both the corporation and other shareholders. His representation of defendants will require him to compromise the fiduciary duty he owes to the plaintiff. The fact that the close corporate structure at bar is not 50/50 and that plaintiffs suit is not derivative in nature does not alleviate the concerns that arise from counsel’s proposed service of multiple, masters. Neither Coleman nor plaintiff nor the appearance of propriety will be well served by counsel with such divergent interests. See Mass. R. Prof. C. 1.7(b), 426 Mass. 1330 (1998) (prohibiting representation materially limited by lawyer’s responsibilities to a third person); Mass. R. Prof. C. 1.10(a), 426 Mass. 1346 (1998) (imputed disqualification).
ORDER
The plaintiffs motion to disqualify Attorney Robert Huard, Attorney Colin A. Coleman and the firm Coleman & Associates, P.C. from representing any of the defendants in this action is, therefore, ALLOWED.

Schaeffer was resolved upon the preliminary question of standing, the Court holding that the plaintiff was not appropriately positioned to press the claim.